UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR HILL, | No. 2:14-cv-0772-EFB P |
| Petitioner, | |
| v. | ORDER |
| S. FRAUENHEIM, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1]

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Petitioner challenges the October 4, 1994 judgment of conviction imposed by the Placer County Superior Court, which resulted in two life sentences

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

without the possibility of parole. ECF No. 1 at 1. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. As explained below, this action must be dismissed because petitioner has failed to exhaust available state remedies with respect to the claims presented in his petition.[2]

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Here, petitioner states that he pleaded guilty to the crimes for which he was convicted in 1994. ECF No. 1 at 1. He did not appeal from the judgment of conviction. *Id.* He states that the only habeas petitions he filed regarding his 1994 convictions were filed in the Placer County Superior Court. *Id.* at 2-3. He explains that he did not challenge the judgment in any other court because:

> The Placer County Superior Court is corrupt Based on inmates' statements, I'm led to believe that the state appellate and supreme court can be corrupt; therefore, I seek speedy, just, and merciful relief in the U.S. District Court.

*Id.* at 3. Plainly, petitioner has not sought review of his claims in the California Supreme Court.

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

1 Moreover, he does not claim to have obtained from the respondent an express waiver of the exhaustion requirement.

Petitioner has failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits.[3] *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be summarily dismissed.

Accordingly, it is ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 2) is granted, petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies, and no certificate of appealability shall issue. The Clerk of the Court shall serve a copy of this order, together with a copy of the March 24, 2014 petition, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Dated: June 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court also notes that petitioner's claims regarding his 1994 convictions (which would have become final before the enactment of the Antiterrorism and Effective Death Penalty Act), appear to be untimely by approximately eighteen years.